UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD BROWN *et alia*, <br>     Plaintiffs <br> v. <br> SUFFOLK COUNTY, <br>     Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO. 05-10188-MEL |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is an action for declaratory relief and monetary damages brought by officers employed by the Suffolk County House of Correction ranked as Captains, on behalf of themselves and others similarly situated, against Suffolk County for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA")."

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202. This court is the proper venue pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. The Plaintiff Richard Brown, resides in Suffolk County, Massachusetts, and is employed at the Suffolk County House of Correction, and is classified in the rank of Captain.

4.  The Plaintiffs Gary Bolles, Richard Flynn, Sherman Horton, Francis Kain, Michael Powers, John Scaduto, Charles Scoby, Yolanda Smith, John Sullivan, and Ronald Wong, are likewise employed at the Suffolk County House of Correction, and also hold the rank of Captain.

5.  The Plaintiffs bring this action individually and on behalf of all similarly situated employees pursuant to 29 U.S.C. § 216(b).

6.  The Defendant, Suffolk County, is an independent body politic, organized under the laws of the Commonwealth of Massachusetts, located in Boston, Suffolk County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

7.  The Plaintiffs are "employees" within the meaning of the FLSA.

8.  The Defendant is an "employer" within the meaning of the FLSA.

9.  The Plaintiffs are members of a labor organization, AFSCME Council 93, AFL-CIO, Local 3643 (the "Union").

10. The Union and the Defendant are parties to a collective bargaining agreement, which sets forth terms and conditions of employment that uniformly apply to the Plaintiffs and other employees assigned to the Suffolk County House of Correction, including hourly rates of pay, and circumstances in which officers are entitled to receive overtime pay and the addition of certain premiums to their normal hourly rate of pay (hereinafter, "premium pay").

11. Pursuant the collective bargaining agreement, the Plaintiffs are entitled to receive premium pay for:

2

12. Weekend Differential, including $1.05 per hour for all regularly scheduled hours worked between 10:00 midnight on Friday and 12:00 midnight on Sunday (Article XIX, Section 8);

13. Shift Differential, including $1.05 per hour for all regularly scheduled actual hours worked on a "night shift," which means a regular work shift four or more hours of which occur between 6:00 p.m. one day and 8:00 a.m. on the next succeeding day (Article XIX, Section 9);

14. Supervisory Differentials, including a $1.00 differential for all regularly scheduled hours worked as "Shift Commander;" and a $.15 differential per hour paid for all regularly scheduled hours worked as a "Department Head," (Article XIX, Section 10);

15. Public Safety Differential, including $1.54 per regularly scheduled hours actually worked; (Article XIX, Section 11);

16. Educational Differential, including $.72 per hour for having attained an associate's degree; $1.20 per hour worked for the attainment of a bachelor's degree; and $1.44 per hour worked for the attainment of a master's degree (Article XIX, Section 12);

17. The Plaintiffs and similarly situated employees are entitled to receive one and one half times their regular rate of pay for hours worked that are defined as overtime hours by the FLSA or the terms of the collective bargaining agreement.

18. In calculating overtime payments due the Plaintiffs and other similarly situated employees entitled to receive premium pay under the collective bargaining agreement, the Defendant does not take into account premium pay to which the Plaintiffs

might be entitled under the collective bargaining agreement, but calculates their payments on the basis of their non-premium rates of pay.

19. The Defendant is aware that the foregoing practices violate the FLSA, but has willfully and knowingly continued to violate it, despite demands made by the Plaintiffs' employee union that it cease and desist its violations of the FLSA.

## COUNT I

### VIOLATION OF 29 U.S.C. § 207
### UNDERPAYMENT OF OVERTIME DUE

20. The Defendant has willfully violated the FLSA by failing to calculate overtime payments for the Plaintiffs and similarly situated employees on the basis of the premium hourly pay required under the collective bargaining agreement, including, but not limited to, in the manner described above.

21. The Plaintiffs and similarly situated employees have been harmed, injured and damaged as a result of the Defendant's violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter a judgment:

    a) declaring that the acts complained of herein are in violation of the FLSA;

    b) awarding the Plaintiffs back pay, liquidated damages, costs and attorney's fees, as provided by the FLSA;

    c) directing the Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiffs' employment opportunities;

4

g) enjoining and permanently restraining these violations of the FLSA;

h) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFFS

By their Attorney,

/s/ Daniel W. Rice
Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
(781) 849-8479
BBO # 559269

Dated: February 15, 2005