UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD BROWN *et alia*, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> SUFFOLK COUNTY, ) <br> Defendant ) | C.A. NO. 05-10188-MEL |

### THIRD AMENDED COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.  This is an action for declaratory relief and monetary damages brought by officers employed by the Suffolk County, who are superior officers and member of AFSCME Council 93, AFL-CIO, Locals 3643 and 3967, on behalf of themselves and others similarly situated, against Suffolk County for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA")."

### JURISDICTION AND VENUE

2.  This court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202. This court is the proper venue pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.  The Plaintiff Richard Brown, resides in Suffolk County, Massachusetts, and is employed at the Suffolk County House of Correction, by the Defendant Suffolk County, and is classified in the rank of Captain.

1

4. The Plaintiffs Gary Bolles, Richard Flynn, Sherman Horton, Francis Kain, Michael Powers, John Scaduto, Charles Scoby, Yolanda Smith, John Sullivan, and Ronald Wong, Michael Robinson, Michael Donovan, John J. O'Connor, Lorne F. Lynch, Jr., James M. Coppi, William Noonan, Jose Burgos, Albert J. Moscone, Paul M. Fahey, Edward F. Kelley, Daniel Ryan, Richard C. Coleman, Salvatore Talluto, Scott P. Geezil, and Robert Bracken are likewise employed as superior officers by the Defendant Suffolk County.

5. The Plaintiffs bring this action individually and on behalf of all similarly situated employees pursuant to 29 U.S.C. § 216(b) and G.L. c. 149, §§ 148 and 150.

6. The Defendant, Suffolk County, is an independent body politic, organized under the laws of the Commonwealth of Massachusetts, located in Boston, Suffolk County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

7. The Plaintiffs are "employees" within the meaning of the FLSA and G.L. c. 149, § 148

8. The Defendant is an "employer" within the meaning of the FLSA, and G.L. c. 149, § 148.

9. The Plaintiffs are members of a labor organization, AFSCME Council 93, AFL-CIO, Local 3643 (the "Union")."

10. The Union and the Defendant are parties to a collective bargaining agreement, which sets forth terms and conditions of employment that uniformly apply to the Plaintiffs, including hourly rates of pay, and circumstances in which officers are

entitled to receive overtime pay and the addition of certain premiums to their normal hourly rate of pay (hereinafter, "premium pay")."

11. Pursuant the collective bargaining agreement, the Plaintiffs are entitled to receive premium pay for:

12. "Weekend Differential," including $1.05 per hour for all regularly scheduled hours worked between 10:00 midnight on Friday and 12:00 midnight on Sunday (Article XIX, Section 8);

13. "Shift Differential," including $1.05 per hour for all regularly scheduled actual hours worked on a "night shift," which means a regular work shift four or more hours of which occur between 6:00 p.m. one day and 8:00 a.m. on the next succeeding day (Article XIX, Section 9);

14. "Supervisory Differentials," including a $1.00 differential for all regularly scheduled hours worked as "Shift Commander;" and a $.15 differential per hour paid for all regularly scheduled hours worked as a "Department Head," (Article XIX, Section 10);

15. "Public Safety Differential," including $1.54 per regularly scheduled hours actually worked; (Article XIX, Section 11);

16. "Educational Differential," including $.72 per hour for having attained an associate's degree; $1.20 per hour worked for the attainment of a bachelor's degree; and $1.44 per hour worked for the attainment of a master's degree (Article XIX, Section 12);

17. The Plaintiffs and similarly situated employees are entitled to receive one and one half times their regular rate of pay for hours worked that are defined as overtime hours by the FLSA or the terms of the collective bargaining agreement.

18. In calculating overtime payments due the Plaintiffs and other similarly situated employees entitled to receive premium pay under the collective bargaining agreement, the Defendant does not take into account premium pay to which the Plaintiffs might be entitled under the collective bargaining agreement, but calculates their payments on the basis of their non-premium rates of pay.

19. The Defendant is aware that the foregoing practices violate the FLSA, but has willfully and knowingly continued to violate it, despite demands made by the Plaintiffs' employee union that it cease and desist its violations of the FLSA.

## COUNT I

### VIOLATION OF 29 U.S.C. § 207
### UNDERPAYMENT OF OVERTIME DUE

20. The Defendant has willfully violated the FLSA by failing to calculate overtime payments for the Plaintiffs and similarly situated employees on the basis of the premium hourly pay required under the collective bargaining agreement, including, but not limited to, in the manner described above.

21. The Plaintiffs and similarly situated employees have been harmed, injured and damaged as a result of the Defendant's violation of the FLSA.

## COUNT II
## VIOLATION OF G.L. C. 149, § 148
## FAILURE TO MAKE TIMELY PAYMENTS OF OVERTIME

22. The Plaintiffs incorporate by reference all previous allegations made herein.

23. Overtime payments due the Plaintiffs are wages within the meaning of G.L. c. 149, § 148.

24. The Defendant has violated G.L. c. 149, § 148 by failing to pay the Plaintiffs overtime wages due and owing within the time specified by G.L. c. 149, § 148.

25. The Plaintiffs have been harmed, injured and damaged by the Defendant's violation of G.L. c. 149, § 148.

26. The Plaintiffs have satisfied all prerequisites to suit under G.L. c. 149, § 148 and § 150. (Exhibit 1.)

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter a judgment:

a) declaring that the acts complained of herein are in violation of the FLSA and G.L. c. 149, § 148;

b) awarding the Plaintiffs back pay, liquidated damages, treble damages, costs and attorney's fees, as provided by the FLSA and G.L. c. 149, § 150;

c) directing the Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiffs' employment opportunities;

5

    g) enjoining and permanently restraining these violations of the FLSA and G.L. c. 149, § 148;

    h) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY.

    Respectfully submitted,

    THE PLAINTIFFS

    By their Attorney,


    /s/ Daniel W. Rice
    Daniel W. Rice
    GLYNN, LANDRY,
    HARRINGTON & RICE, LLP
    10 Forbes Road
    Braintree, MA 02184
    (781) 849-8479
    BBO # 559269

Dated: May 12, 2005