UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD BROWN *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> SUFFOLK COUNTY, <br>  Defendant. | C.A. NO. 05-10188-MEL |

and

| | |
|---|---|
| GIUSEPPE MAROTTA *et al.*, <br><br>  Plaintiff <br><br> v. <br><br> SUFFOLK COUNTY, <br>  Defendant | C.A. NO. 05-10032-MEL |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY ON COUNT I OF THEIR COMPLAINTS**

Now come the Plaintiffs, and pursuant to Fed. R. Civ. P. Rules 56(a) and (c), move for summary judgment on Count I their complaints, in which they claim the Defendant violated the overtime provisions of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. In support, the Plaintiffs state that there is no genuine issue as to any material fact that the Defendant failed to include certain pay premiums, including wage differentials and bonuses, in calculating and paying them overtime due under § 207(a)(1) the FLSA.

1

In addition, the Plaintiffs state there is no genuine issue as to any material fact that the Defendant's violation of 29 U.S.C. § 207(a)(1) was "willful", and that the Defendant had no good faith basis for failing to comply with it. Pursuant to 29 U.S.C. § 255(a), therefore, as a matter of law, the Plaintiffs are entitled to an award of back pay, dating back no less than three years from the date they consented to sue the Defendant in this action. In addition, pursuant to 29 U.S.C. § 216(b), the Plaintiffs are entitled to an award of liquidated damages in an amount equal to any unpaid overtime compensation.

With respect to the limitations period for recovering back pay, the Plaintiffs state that there is an issue of material fact as to whether the limitations period of three years should be enlarged, based on conduct of the Defendant, and that this issue should be tried and determined by the court. Plaintiffs state further that there is an issue of material fact as to the damages of each of the Plaintiffs, and that upon the entry of judgment on Count I of their Complaint, a schedule of damages for each of the Plaintiffs should be determined.

Based on the foregoing, the Plaintiffs request that the Court enter order and judgment that

1. The Defendant failed to pay the Plaintiffs all overtime wages due and owing them, in violation of 29 U.S.C. 207(a)(1);
2. The Defendant's violation of the FLSA was willful, and therefore, the limitations period for calculating back pay will date back a minimum of three years from the date each individual plaintiff consented to sue the Defendant under the FLSA, pursuant to 29 U.S.C. § 255(a);

3. The Plaintiffs are entitled to an additional award of liquidated damages in an equal amount to any unpaid wages, pursuant to 29 U.S.C. § 216(b).

4. Upon entry of judgment as to liability on Count I, setting a trial date for the issue of whether the limitations period on Count I should be enlarged beyond three years, and if so, for how long.

5. Upon entry of judgment as to liability on Count I, setting a date upon which a schedule of damages for each of the Plaintiffs must be filed with the court.

In further support, the Plaintiffs submit the attached Memorandum of Law and Exhibits.

                       Respectfully submitted,

                       THE PLAINTIFFS

                       By their attorney,

                       s/Daniel W. Rice
                       Daniel W. Rice. BBO # 55269
                       GLYNN, LANDRY,
                       HARRINGTON & RICE, LLP
                       10 Forbes Road
                       Braintree, MA 02184
                       (781) 849-8479

Dated: November 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on November 15, 2007.

/s/ Daniel W. Rice
Daniel W. Rice