UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD BROWN *et alia*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SUFFOLK COUNTY, ) <br> Defendant. ) | C.A. NO. 05-10188-MEL |

and

| | |
|---|---|
| GIUSEPPE MAROTTA *et al.*, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SUFFOLK COUNTY, ) <br> Defendant ) | C.A. NO. 05-10032-MEL |

**PLAINTIFFS' MOTION TO BIFURCATE
TRIAL AS TO LIABILITY AND DAMAGES**

Now come the Plaintiffs, and pursuant to Fed. R. Civ. P. 42(b), move to bifurcate the trial in the above-referenced actions as to liability and damages.

In support thereof, the Plaintiffs state as follows:

1

1. All counts in the complaints in these actions arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and the Massachusetts Payment of Wages law, G.L. c. 149, § 148.

2. There are approximately 500 plaintiffs in these actions, all of whom are unionized corrections officers employed by the Defendant Suffolk County.

3. The liability aspects of the wage claims relate to whether (a) the Defendant violated the FLSA and Massachusetts law by failing to factor wage differentials and bonuses, mandated by collective bargaining agreements, into overtime payments due the Plaintiffs; (b) whether the Defendant violated the FLSA and Massachusetts law by failing to count as hours worked time certain "K9 officers" spent off site caring for their dogs; and (c) whether the Defendant violated the FLSA and Massachusetts law by failing to pay overtime to new employees for academy training hours in excess of 40 per workweek.

4. The practices in dispute are uniform in nature. The Plaintiffs estimate that the liability phase of this trial as to all counts will require approximately 4 to 5 days of trial.

5. There are, however, approximately 500 Plaintiffs in the case, each of whom might be entitled to different amounts of damages, based on, *inter alia*, their actual hours worked in each workweek and their individual qualification to receive certain stipends and bonuses. Trying the damage portion of this case could require weeks if not months of testimony, and the review of voluminous documents.

6. It would thus be conducive to expedition and judicial economy for the trial to be bifurcated as to liability and damages. Assuming the Defendants are

adjudicated as liable, the parties could be ordered to calculate the damages to which each of the Plaintiffs are entitled, and disputes over calculations might be referred to a Magistrate judge.  This will preserve the resources of the court and the parties, and thus be consonant with the interests of justice.

                      Respectfully submitted,

                      THE PLAINTIFFS

                      By their attorney,

                      s/Daniel W. Rice
                      Daniel W. Rice
                      GLYNN, LANDRY,
                      HARRINGTON & RICE, LLP
                      10 Forbes Road
                      Braintree, MA 02184
                      BBO # 559269
                      (781) 356-1399

Dated:  December 27, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 27, 2007.

                      /s/ Daniel W. Rice
                      Daniel W. Rice